Good morning, Your Honors. May it please the Court, Holly Sullivan on behalf of Mr. Becker. If I could please reserve two minutes for rebuttal, please. In light of a straightforward application of both Blakely and Apprendi, the State Court's decision was contrary to clearly established federal law. Harrington does not apply or impact this case. In Harrington, the issue was whether Justice Kennedy's application of the Strickland Standard was an unreasonable application or it fulfilled the unreasonable application prong of the habeas statute. Here, Butler controls. In Butler, it was whether or not the case was contrary to Supreme Court precedent. And just like in Butler, in Mr. Becker's case, his case was decided after Blakely while the California Supreme Court decision in Black 1 was still the law. As was noted in Butler, rather than applying the Apprendi bright-line rule, the California Supreme Court in Black 1 applied a traditional judicial fact-finding rule that was inconsistent with and contrary to clearly established Supreme Court law. Butler controls this case, and this panel is bound by Butler. As Butler found as a result in Cunningham that the decision was clearly dictated by the Supreme Court's Sixth Amendment case law, in particular noting Blakely. The Black 1 decision was, therefore, contrary to the clearly established law of the Supreme Court. Once that prong is met, it's whether or not there was a constitutional violation. And here, there was. The court imposed the upper term based on aggravating factors that were beyond the mere fact of a prior conviction. I'm looking at the where the trial judge imposes the sentence. Do you have that? Yes. And he starts out by saying, I'm going to I'm going to select the base term, count three, which is the kind of burden that the jury can weight it to. I'm going to aggravate a count three to the upper term. Now that's what you say involves Cunningham. Yes. As soon as he goes there, then the he goes through most of all of his lengthy records because of your excessive criminality and your poor prior performance on probation and parole, I'm going to select the upper term. Is that an add-on, he says, or is it a listing? What is the Cunningham violation? The violation is the court conducting this analysis, so basically everything on 51 and I believe it goes to 52, is the analysis beyond the mere fact of a prior conviction. Mr. Becker did admit that he had two prior convictions and that's what was used for the enhancement. But under California under the California Criminal Code and under California law, going beyond just the mere fact of the prior conviction, so going into the analysis of why he violated probation, the types of charges that he had, the fact that he went to jury trial in a previous case, all of that analysis goes beyond the mere fact of the prior conviction. And so the aggravation to the upper term violated Blakely and Apprendi based on that. Is it the inference that he drew from your client's criminal history that's the problem? It is the inference, but it's beyond the inference. He actually did an analysis. He went through from 1982, he noted every conviction that there was, but went through the type of conviction, the facts of the conviction, whether or not there was a jury trial. And it's likened to numerous decisions of this Court where looking at a rate of recidivism, whether or not a person was on probation or parole, all of those factors in that analysis that's undertaken goes beyond the mere fact of the prior conviction. So the two prior convictions had already been used to enhance his sentence? That's correct. And Mr. Becker did admit that he had the two prior convictions, but that was all he admitted, the fact that he had those two prior convictions. And that fact was used to enhance his sentence. And what was the judge talking about, arrests or what? He was going through his entire record. So although Mr. Becker admitted he had two prison priors or two prior convictions, the judge went through the probation report and went through his record beginning in 1982 up until 1998 and discussed his criminality or excessive criminality and his poor performance on probation or parole. And based on those factors, the analysis is why the judge selected the upper term. You still have to overcome harmless error. Yes. The – in this case – I mean, a harmless error analysis does apply. This is not structural error, right? I'm sorry? This is not structural error. You do have to engage in a harmless error analysis. Correct. But in looking at that, the government argues that it's harmless error because Mr. Becker admitted the prison priors, but he didn't admit all the facts that the court relied on. And this court has to look to all the evidence that was – Well, right. If he had admitted everything, then we'd have waiver. That's a different analysis from harmless error. Harmless error is we take everything that he admits, and then we ask the question, would the jury presented with it have come to a different conclusion? And if we conclude that a jury would have come to the same conclusion, we'd have to affirm anyway, right? Correct. But here, you look at the information that was presented to the court, and the court actually conducted an analysis. So it wasn't based on the evidence that was presented to the court. It was the court's analysis of excessive criminality, Mr. Becker's performance on probation or parole, It wasn't just the evidence that was presented on the face of the conviction documents. I don't understand what you're saying. In looking at what the evidence is that supports the contention that's made, so excessive criminality, performance on probation or parole, that's going beyond the actual conviction. That's why it's not a waiver argument. That's why we engage in a harmless error analysis. And we have to decide whether the jury had done the same thing. And so just saying, oh, the judge did more than that doesn't answer the question. It just poses a question as to whether a jury would have come to the same conclusion. Correct. And in looking at these, the same documents, the same evidence that the judge looked at in imposing the sentence, it wouldn't rise to that occasion. The judge, in imposing the upper term sentence, looked, conducted an analysis on whether or not all of these prior convictions that are listed or all the information in the pre-sentence report actually was excessive criminality or was looking at it. All right. Well, why wouldn't the jury have done the same thing and come to the same conclusion? Well, if we're in that position looking at whether or not. . . That's what harmless error analysis is. You look at a situation and ask yourself, had the error not been committed, would the result be different? That's what it means. So you haven't said a single thing now that shows me why the jury would not have come to the same conclusion. Did your client admit to excessive criminality? No. Did he admit that he had performed poorly on probation? No. And didn't the judge take those into consideration? Yes. The sole admission. . . Isn't that your response? Yes. That was your response, but it's not an adequate response because that's the kind of thing a jury can find. And the question is, why wouldn't the jury have gone through exactly the same mode of analysis as the judge and come to exactly the same conclusion? But I don't believe we're allowed to speculate as to what a jury could have found if different evidence was. . . That's what harmless error analysis is. It's all speculation as to what would have happened had the error not been committed. Based on the evidence that was presented. And in this case, that evidence wasn't presented. To whom? To the court or to the jury. The evidence that was presented, the record that was given, the judge conducted the analysis to determine whether or not there was. . . And what did the judge base his analysis on? Well, he made an analysis. . . What his analysis is based on, I'm not entirely sure, but he looked at the pre-sentence report and he made the analysis or the decision that that reflected a poor performance on probation or parole and excessive criminality. Whether or not the jury would have found those same facts. . . Based on what's on transcript 51? Or you're now saying that the judge, what he said on transcript 51 or ER 51 was only the tip of the iceberg and that he had something else going on? In other words, the question of excessive criminality and prior performance on probation appears to be his summing up of what he's listed on all of these priors.  What the Chief Judge is asking you, and I'm curious too, is if that same, if that litany had been presented to the jury, how do we reason that they wouldn't have come to the same conclusion? The evidence that would have been presented, if the evidence that would have been presented to the jury was what Mr. Becker had admitted, which is solely the two prison priors, that he had two prison priors, not all of the information in the presentence report that the court is relying on in doing its analysis. And what is this other information? His prior criminal record from 1982 up until. . . And why would that have not been also presented to the jury? It wasn't presented. Why wouldn't it have been? See, we're playing a what-if game. It wasn't presented to the jury, and the Supreme Court said it should have been. So in doing harmless error analysis, we now say, okay, we're going to run the reel back, and we're going to play the same trial over again, or that part of the hearing, but we're going to put a jury there instead of the judge, and we're going to guess or try to divine whether would the jury, if presented with all the things the judge saw, have come to a different conclusion? Is this news to you? No, it's not news to me. Okay. So I haven't heard you explain why you think a jury presented with exactly the same evidence that a judge has would have reached a different conclusion. I mean, saying they didn't see it doesn't really answer the question. Maybe not understanding the Court's question, the judge conducted an analysis which is different than a jury being presented with the same facts. That's maybe where we're disconnecting. Are you suggesting that what we should be visualizing is that the jury would have been presented with the two prison priors, which he admitted to, right? Yes. Okay, and that's all they would have seen. Now, the trial judge used those separate and apart, right? He didn't use those. He went to look to a whole dislaundry list. And you're saying that we should be evaluating harmless error based on, had the jury been given the two prison priors, they would have concluded that, or not concluded, excessive criminality and poor performance on probation. That's what they would have looked at in order to come to that determination to move it to the upper range. Yes. But not, they would not have been presented with these other priors because he didn't admit to those. That's correct. He didn't admit to. Why, what would have prevented the prosecutor from presenting to the jury anyway, whether he admitted them or not? I don't understand. Why do you think the jury would have gotten less information than the judge did? Even if the jury received the pre-sentence report, which normally would never occur that a jury would receive the entire pre-sentence report with all the facts listed in the pre-sentence report. But even if the jury received a list of all of Mr. Becker's prior convictions and or arrests, even on those facts, for the jury to do the same type of analysis beyond the mere fact of prior conviction that the judge did. So to say that there was excessive criminality, to say that there were poor performance on probation or parole, those are, that's the judge's analysis beyond what a jury would have in front of them, beyond what a jury could determine. A jury. Why wouldn't the jury take that back to jury room and perform the same kind of analysis and come to possibly the same conclusion? Isn't this what in fact has to happen now in the California law? Now the Supreme Court has spoken. This kind of thing must happen all the time. I don't believe so. Under California law, the... Well, maybe we should hear from the government and then maybe the prosecutor can tell us what happens in the California law these days. We'll give you a little time. I have a slug in my throat, sorry. We'll give you a little time. Good morning, Deputy Attorney General. Matthew Mulford on behalf of the state. Our first point is that we cannot see how this error is possibly harmful. Mr. Becker admitted prior convictions, and that is the exception that we understand. Just to pick up on this question with defense counsel, in your view, because you are starting at the harmless and the rest, what would the jury or the hypothetical jury have seen had the court and counsel been aware that this was a jury question? I have no reason to believe that they would not have seen anything other than exactly what the judge saw. Boy, that was a sentence a lawyer would love. Why don't you, instead of using a double negative, just tell us what you think would have been included. They would have seen his prior record, including all of his prior convictions. And they would have received an instruction to make a finding beyond a reasonable doubt that he had engaged in excessive criminal behavior? There are sentencing factors under California law. And on page 51, it appears to me that the trial judge is going through those factors. And so the jury would have been asked to find whether he had those factors under California law. Well, let me just make sure I understand. This trial was conducted under the old regime. After Blakely, but before Cunningham. Right. Yes. Now there's a new regime in California. Yes. And so this kind of thing must happen all the time. Yes. Are you familiar with what, in fact, happens? Not. How it's done? I have not seen a post. My work is all in habeas, and I'm several years behind. So personally, I'm not familiar. I guess we all are. My personal experience is no, I don't have any. I'll go back to my answer. I mean, somehow we have to imagine that this sentencing hearing, which has sort of quintessentially been a proceeding conducted by a judge, has now to be conducted before a jury. Jurors are now asked to make findings, this is my understanding, in returning verdicts. And so that can happen as a part of the general verdict or part of a specific question during the guilt phase of a trial, and if there are things that need to be withheld. But somehow all of these sentencing factors have to be presented to the jury, and as Judge Hawkins suggested, it has to be instructed what to find or what to do. Correct. So how would this trial have looked like? My guess is that the evidence presented to the judge, that is all of Mr. Becker's prior crimes, his other sentencing or relevant factors, would be given to the jury. When you say the crimes would be given to the jury, you don't mean crimes, you mean? The fact of prior conviction. And how would that be presented to the jury? Typically there is a document that is prepared either by the prison or a superior court that says on such and such a day that this particular defendant was convicted of this crime. So it wouldn't be like a PSR, whatever you call it in California, where it lists a bunch of crimes. It would be a series of documents which are evidence of prior convictions? For purposes of prior convictions, I don't know the answer. I can see it going both ways, and I don't know. Don't we have to assume in this guessing game that harmless error requires us to engage in that had there been a jury there, that this man would have admitted his two prior convictions? So that would not have been an issue before the jury. That's exactly what happened here. So what is it that would have gone to the jury? Ladies and gentlemen of the jury, the defendant has admitted, can I finish? The defendant has admitted these two crimes, A, B. And? For purposes of this question, nothing more needed to be presented. So I'm having a hard time imagining what else they would need to present. Now for all this. My question is how would they find excessive criminality for poor prior performance on probation and parole? They would have to be presented with evidence that he had been on probation or parole at some point and then had violated that probation or parole at some point. And how did the judge here know that? There is a probation officer who presents a report to the judge. It's presented in accordance with the penal code, and that information is based. Would that report have been admissible? For sentencing purposes, it's certainly admissible. Before a jury? I don't know that. You wouldn't have to bring in the probation officer to say, yes, he's been a poor performer. It's an official record, so it would be a hearsay exception. But for sentencing, I believe so. Okay, can I? Sure. I'm sorry. I apologize that I don't know how things work. We're all sort of at sea here, it seems. But I'm trying to understand at least the structure of this, the way it worked before the judge, was that he listed all of the other criminal history for purposes of aggravating to the upper level, which is what Cunningham says is a jury question. Okay. The judge used the two prison priors to separate the price from that. Is that correct? He said then as to count one, I'm going to increase the sentence by a year, use each of those for aggravating them or increasing. My understanding, correct me if I'm wrong, is that you can't double count. You can't use them as an aggravating factor for the base and then turn around and also use them to elevate the term of imprisonment. Is that correct? Yes, that is correct. Okay, so that's the case. You said earlier that the jury, all the jury needed to have in front of it to make the finding that it should have been aggravated to the upper term would have been the two prison priors. I said that, yes. Okay, so if that's the way it went and they wouldn't see all this other stuff, you're saying that that would go to the jury, they would be instructed whatever the criteria are to aggravate to the upper level or upper term, then what would have happened over on the other? I'm moving my head because it's on another, it's on page 52. Okay, so on that aspect, say the jury elevated it to the upper term, could the sentencing judge then separate and apart from all of what we're talking about, gone ahead and elevated the, added the two years, one for each? I believe so. I think we're talking about two separate issues here. One is whether there is a constitutional right to a jury trial under the Sixth Amendment, and so that's one question. And there's a second question of what factors can a California judge consider under California sentencing law. Right, and that's why I was establishing that the prohibition on double counting is California law. Correct. Okay, but if the California prosecutor decides to use the two priors to go to the jury, you're saying that even though that's what goes to the jury, then they can come around and say, and by the way, we're also going to add on, we want you to up it two years, one for each of the priors? I don't think the double counting provision is implicated in that manner. So there may be an issue of state sentencing law. I understand it's not a constitutional right. I'm just trying to figure out what would go to the jury. I'm not positive. But I don't think it matters in this case because everything that a federal court cares about, the Sixth Amendment sentencing determination, was admitted by Mr. Becker. And so based on only the information that he admitted, which is what? The prior convictions, the fact of prior conviction itself. And that's the two. So we should be viewing this hypothetical jury on harmless error analysis as having been presented only with the two prison priors and not all of this other. Well, we know for a fact that he prevented the jury from considering that. So I don't think we have to even imagine whether they would have seen that. I'm sorry, considering what? The fact of prior conviction alone. I think we can also imagine, for harmless error purposes today, that the jury would have seen the information relied on by the judge. Now, the mechanics of how it would have been presented, I apologize, I don't know. I hear you going back and forth on that, and I really would like you to come to a standstill. In conducting harmless error analysis, do we look at just the two priors, nothing else, or do we look at the two priors plus other stuff? We can look at all of it. All of it since Genesis? I don't know. Be a little more specific. I mean, in fact, be quite specific as to what the jury would have seen. Okay? Just be very specific. I know for a fact that they would have seen the fact of prior convictions, because that is what he waived, and that is... You've said that many times, and we can always take it as a given that that's true. Now, tell me what else. I'm sorry? And we believe that is enough under Al-Mandarra's v. Torres. Well, let's say, so you want to rest on that. You want to rest on that, and we'll conduct our harmless error analysis. We believe the juror also would have seen... So your personal belief as to whether it's enough or not really doesn't matter. The question I ask is, what do you want us to take into account in deciding whether it's harmless error? What would the jury have seen? Okay, be very specific. I would like you to look at the information that the trial judge considered in this case in determining the sentencing. That's not very specific either. Tell me whether... 51 and 52? Yes. Not whether he saw PSR or anything else? He didn't. In other words, the jury would have got a laundry list of these various offenses, including the two prison priors, so that they would have had that total criminal history, and then they would have been given an instruction that said, if you find... Excessive criminality, prior convictions, poor performance on parole, yes, all of those things. Yes, that's right. Well, I'm looking at 51 and 52, so why don't you be very specific as to what you think on that page the jury would have seen. Okay. I believe... The judge says on line 12, lengthy record. I believe the jury would have seen information reflecting the fact that Mr. Becker has prior convictions in 1982, 1984, 1987, 1990, 1990 again, 1990 again, 1990 again, 1991, 1991, 1997, 1998. And so based on that information, I think the jury would have seen... But see, this is a judge describing something, and I don't think the judge could have done this for the jury. He says, trust me, this is what happened. The question is, what would the jury have seen? If I may refer you to the charging document on pages 61, 62, 63 of the excerpts of Becker, I believe a jury could... Okay, hold on, hold on, hold on. 62 in particular. Okay, the charging document. The charging document that was introduced before trial. I believe that had they known the correct law at the time, a jury would have seen information that would have enabled them to find true or false those particular allegations. And I believe that evidence would have come from... The charging document is like an indictment or a criminal complaint or something. Yes. And what you are saying, if I understand correctly, correct me if I'm wrong, is if these things have had to have been proven to a jury, the prosecutor would have come up with adequate records supporting these things that are listed here. Yes. Is that your answer? That's my answer. Okay. And these are the things, plus the two priors, the jury would have considered? I believe so, yes. Okay. All right, thank you. We'll give you a minute for rebuttal. First, but the... One minute. But the Court relied on, on page 51 through 52, all of the convictions that are noted in the pre-sentence report and the analysis that is conducted based on prior convictions and probation violations in the pre-sentence report. It differs from what the government is now saying in the charging documents, 61 through 63, what's noted. The information in the charging document is solely the fact of prior conviction. It just lists his convictions. And that's where the problem happens when the analysis is made for excessive criminality or any of that type of analysis made. Why? Well, but this is pre-sentence of a jury. What he's saying is if you had to go in front of a jury, what they would have done is brought evidence that he committed all these crimes, and then some prosecutor like him would stand up and say this is an excessive criminal, and the way you can tell is look at all this long list of convictions he has. That's how trials are done. You have pieces of evidence, and then you have lawyers stand up and argue and try to persuade the jury to reach a conclusion. Why is that wrong? Because Mr. Becker is already receiving the upper term, the enhancement, based on having the priors that are listed in the charging document. Other than the two convictions he admitted to for sentencing purposes? Yes. Did the prosecutor put in front of the judge proof of any other convictions? No. Other than the pre-sentence report listing the convictions. There was no additional proof or evidence that was given. Well, the pre-sentence reports are prepared by an officer of the court, and he, the defendant, has a chance to challenge anything in the pre-sentence report and say the probation officer got this one wrong, right? There was a hearing, yes. Well, whether there's a hearing or not, the defendant can ask for a hearing and say look, the pre-sentence report is wrong about these things, right? Yes. If he disagrees with anything, then he can make an issue of it. That's correct. And he didn't in this case. He did object. He objected to the court's reliance on excessive criminality and the violations of probation or parole in raising to the upper term, the aggravated term. But he didn't object to any of the items listed in the probation report. He did not object that they were incorrect. Okay. Okay. Thank you. Thank you. The case is argued. We'll stand two minutes. We'll next hear argument in California, United Terminals v. Town or County. You may proceed. Step forward. Thank you. Make yourself at home. Thank you. You are?
judges: Kozinski, Hawkins, Fisher